| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>Court address: 7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: April 4, 2023 4:07 PM<br>FILING ID: 9AD5B51B86CA6<br>CASE NUMBER: 2023CV30634 |
| Plaintiff:    Evelyn Garcia<br><br>v.<br><br>Defendant: State Farm Mutual Automobile Insurance<br>Company | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff:<br>Robert W. Rock, Atty. Reg. No. 56041<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Telephone: (303) 757-3300<br>Facsimile: (303) 757-3206<br>E-Mail:  rockb@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, Evelyn Garcia, by and through her attorney, Robert W. Rock of the law firm of Franklin D. Azar and Associates, P.C., for her Complaint against the Defendant, State Farm Mutual Automobile Insurance Company, states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Evelyn Garcia (hereinafter, "Plaintiff Garcia") is an individual residing in the city of Englewood, county of Arapahoe, Colorado.

2. Defendant State Farm Mutual Automobile Insurance Company (hereinafter, "Defendant State Farm") is a foreign corporation doing business in the State of Colorado.

3. Venue is proper herein pursuant to C.R.C.P. 98.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

EXHIBIT A

### GENERAL ALLEGATIONS

5.  On February 18, 2021, Plaintiff Garcia was involved in a motor vehicle collision in Arapahoe County, Colorado (hereinafter, "the collision") due to the negligence of Zechariah Gates.

6.  Plaintiff Garcia was not negligent on the occasion in question.

7.  Plaintiff Garcia suffered injuries, damages, and losses as a result of the collision.

8.  Plaintiff Garcia underwent medical treatment for the injuries she sustained as a result of the collision.

9.  Plaintiff Garcia incurred medical expenses to treat the injuries she sustained as a result of the collision.

10. Plaintiff Garcia endured pain and suffering, emotional distress, and loss of enjoyment of life ("non-economic damages") as a result of the collision.

11. Plaintiff Garcia suffered physical impairment as a result of the collision.

12. On February 18, 2021, Mr. Gates was insured with Bristol West Insurance Company ("Bristol West").

13. Mr. Gates' policy had limits of $25,000.00 per person.

14. Bristol West paid its policy limits to Plaintiff Garcia.

15. Mr. Gates was underinsured with respect to Plaintiff Garcia's injuries, damages and losses.

16. At the time of the February 22, 2021, collision, Plaintiff Garcia was an eligible beneficiary under an insurance policy issued by Defendant State Farm that contained an underinsured motorist coverage limit of $100,000 per person/$300,000 per occurrence.

17. On February 26, 2021, Plaintiff Garcia, through her counsel, put Defendant State Farm on notice of an underinsured motorist (hereinafter, "UIM") claim in connection with the collision.

18. In the February 26, 2021, correspondence, Plaintiff Garcia requested Defendant State Farm provide a copy of its insured's policy and declarations page in effect at the time of the collision.

19. On or about March 17, 2021, Chase Martin, on behalf of Defendant State Farm, acknowledged counsel's representation on behalf of Plaintiff Garcia.

20. On June 28, 2021, Plaintiff Garcia, through her counsel, requested permission from Defendant State Farm to settle the underlying tortfeasor claim.

21. On June 29, 2021, Plaintiff Garcia, through her counsel, sent a request for UIM benefits to Defendant State Farm and provided medical records and bills totaling $28,326.00.

22. On or about July 6, 2021, Amber Springer, on behalf of Defendant State Farm, provided permission for Plaintiff Garcia to settle her tort claim with the underlying carrier for its limits of liability.

23. On or about July 29, 2021, Ms. Springer, on behalf of Defendant State Farm, acknowledged receipt of Plaintiff Garcia's June 29, 2021, request for UIM benefits.

24. In the July 29, 2021, correspondence, Ms. Springer stated that Defendant State Farm was able to pay $3,326.00 to Plaintiff Garcia under the UIM portion of the claim.

25. In the July 29, 2021, correspondence, Ms. Springer stated that the $3,326.00 payment was for considered medical expenses in excess of the underlying settlement amount of $25,000.00.

26. On or about July 29, 2021, Defendant State Farm issued a check to Plaintiff Garcia in the amount of $3,326.00 remarked "[p]ayment of benefits under Underinsured Motorist coverage."

27. In the July 29, 2021, correspondence, Ms. Springer extended an offer of $25,330.00 to settle Plaintiff Garcia's UIM claim.

28. On October 7, 2021, Plaintiff Garcia, through her counsel, supplemented her request for UIM benefits to Defendant State Farm and provided additional medical records and bills for a total of $41,148.00 incurred to date.

29. On or about November 5, 2021, Defendant State Farm issued a check to Plaintiff Garcia in the amount of $13,922.00 remarked "[p]ayment of benefits under Underinsured Motorist coverage."

30. On April 1, 2022, Plaintiff Garcia, through her counsel, supplemented her request for UIM benefits to Defendant State Farm and provided additional medical records and bills totaling $49,283.00.

EXHIBIT A

31. On or about April 21, 2022, Ms. Springer, on behalf of Defendant State Farm, acknowledged receipt of Plaintiff Garcia's June 29, 2021, supplement to her request for UIM benefits.

32. In the April 21, 2022, correspondence, Ms. Springs extended an offer of $54,300.00 to settle Plaintiff Garcia's UIM claim.

33. On or about April 21, 2022, Defendant State Farm issued a check to a Plaintiff Garcia in the amount of $7,035.00 remarked "payment of benefits."

34. On April 28, 2022, Plaintiff Garcia, through her counsel, sent correspondence to Ms. Springer acknowledging receipt of her $54,300.00 settlement offer.

35. In the April 28, 2022, correspondence, Plaintiff Garcia's counsel requested Ms. Springer confirm whether she relied on any medical articles, textbooks, etc. in her evaluation of Plaintiff's Garcia's claim and a copy of those materials.

36. In the April 28, 2022, correspondence, Plaintiff Garcia's counsel requested Ms. Springer provide a breakdown of what facts and circumstances, including all elements of damages, she considered to reach a "range of value."

37. In the April 28, 2022, correspondence, Plaintiff Garcia's counsel asked Ms. Springer if she would like to speak with Mr. Garcia to better understand her injuries.

38. On March 28, 2023, Plaintiff Garcia's counsel sent e-mail correspondence to Ms. Springer stating that he evaluated Ms. Garcia's claim to exceed the available policy limits.

39. On or about April 4, 2023, Ms. Springer, on behalf of Defendant State Farm, conveyed its previous offer of $54,000.00 to settle Plaintiff Garcia's UIM claim.

40. The total amount of $24,283.00 paid by Defendant State Farm was for Plaintiff Garcia's undisputed medical bills only.

41. Defendant State Farm made no payments to Plaintiff Garcia for her non-economic damages claims.

42. Defendant State Farm undervalued Plaintiff Garcia's UIM claim.

43. Defendant State Farm undervalued Plaintiff Garcia's non-economic damages claims.

44. Defendant State Farm's delay in paying UIM benefits to Plaintiff Garcia is unreasonable.

45. Plaintiff Garcia has cooperated with Defendant State Farm in its investigation of her claim and timely submitted her claim for review.

46. Defendant State Farm has failed to adequately investigate Plaintiff Garcia's UIM claim.

47. Defendant State Farm has failed to adequately evaluate Plaintiff Garcia's UIM claim.

48. Defendant State Farm's incomplete investigation has resulted in delay of payment of UIM benefits to Plaintiff Garcia.

49. Defendant State Farm has subjected Plaintiff Garcia to financial harm because of its unreasonable delay.

50. Defendant State Farm has violated Colorado's Unfair Claims Settlement Practices Act in its handling of Plaintiff Garcia's claim.

## FIRST CLAIM FOR RELIEF
*Breach Of Contract*

51. Plaintiff Garcia incorporates all prior allegations as though fully set forth herein.

52. Sometime prior to the February 18, 2021, motor vehicle collision, Plaintiff Garcia and Tomas Falomir entered into a contract with Defendant State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists.

53. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant State Farm.

54. Plaintiff Garcia advised Defendant State Farm of a claim for underinsured motorist benefits for the February 18, 2021, motor vehicle collision under its policy of insurance, and otherwise fully cooperated with Defendant State Farm in connection with the claim.

55. Plaintiff Garcia is an intended beneficiary of Defendant State Farm's insurance policy/contract and is therefore entitled to enforce its terms.

56. Plaintiff Garcia is entitled to be compensated by Defendant State Farm for all damages she has incurred including medical, hospital, and doctor bills, pain, suffering, loss of enjoyment of life, physical impairment, permanency, and disability under the underinsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
*First Party Statutory Claim Under C.R.S. § 10-3-1116*

57. Plaintiff Garcia incorporates all prior allegations as though fully set forth herein.

58. Defendant State Farm has delayed payment of underinsured motorist benefits to Plaintiff
Garcia without a reasonable basis for its actions.

59. Defendant State Farm has denied payment of underinsured motorist benefits to Plaintiff
Garcia without a reasonable basis for its actions.

60. Defendant State Farm's delay and denial of payment of uninsured motorists benefits to
Plaintiff is in violation of C.R.S. § 10-3-1115.

61. Defendant State Farm's unreasonable position and conduct has caused Plaintiff Garcia
damage by the loss of the compensation that is due to her, and which Defendant State
Farm should have previously paid.

62. In accordance with C.R.S. § 10-3-1116, Plaintiff Garcia is entitled to recover from
Defendant State Farm two times the covered underinsured motorist benefits plus
reasonable attorney's fees and court costs.

### THIRD CLAIM FOR RELIEF
*Bad Faith*

63. Plaintiff Garcia incorporates all prior allegations as though fully set forth herein.

64. Defendant State Farm owed Plaintiff Garcia a duty to act in good faith in reviewing,
adjusting, and settling her claims.

65. Defendant State Farm breached its duties to its insured and acted in bad faith through its
conduct as described above and by engaging in the following, among other acts:

    (a)    Compelling Plaintiff Garcia to institute litigation to recover amounts due
to them under the underinsured motorist bodily injury liability benefits
afforded Plaintiff Garcia under the insurance policy;

    (b)    Favoring the interests of Defendant State Farm, an insurer, over those of
Plaintiff Garcia, its insured, to whom Defendant State Farm owes
fiduciary and statutory duties;

    (c)    Failing or delaying payment of reasonable compensation for the injuries,
damages, and losses Plaintiff Garcia suffered at the hands of an
underinsured motorist;

    (d)    Incompetently investigating and evaluating Plaintiff Garcia's claim.

    (e)    Failing to evaluate, refusing to evaluate and/or incompetently evaluating
Plaintiff's claim for underinsured benefits coverage.

66. Defendant State Farm's actions are unreasonable.

67. Defendant State Farm knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

68. As a direct result of Defendant State Farm's breaches of its duties to its insured, Plaintiff Garcia has been damaged including, but not necessarily limited to:

(a)     Being forced to incur additional costs in litigation;

(b)     Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and

(c)     Being deprived of the use of funds that would otherwise be used for such things as medical treatment which should have been paid by now. Plaintiff Garcia has been financially devastated by the unreasonable delay of her benefits.

WHEREFORE, Plaintiff Garcia prays for judgment against Defendant State Farm for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff Garcia's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully, submitted this 4th day of April, 2023.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
*Original duly signed and on file at the office of Franklin D. Azar & Associates, P.C.*

*/s/ Robert W. Rock*
Robert W. Rock, Atty. Reg. No. 56041

*Attorney for Plaintiff*

**Plaintiff's Address:**
7943 S. Kalispell Way
Englewood, CO 80112