IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01142-DDD-SBP

EVELYN GARCIA,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER (ECF NO. 22)**

**Susan Prose, United States Magistrate Judge**

    This matter comes before this court on the Parties' motion for protective order, ECF No. 22 (the "Motion").[1] The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(1)(A) and the Order dated May 5, 2023. ECF No. 9; *see also* ECF No. 25, Memorandum Referring Motion. The court conducted a hearing on the motion on November 2, 2023. ECF No. 24. Upon consideration following the hearing, the court does not believe that further briefing is necessary.

    Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The party seeking a protective order bears the burden of establishing its necessity, *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d

---

[1] Although styled as a "Stipulated Protective Order," the court is asked to sign the protective order and make it an order of this court. Therefore, the court construes the filing as a motion.

323, 325 (10th Cir. 1981), but the entry of a protective order is left to the sound discretion of the court. *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). As part of the exercise of its discretion, the court may also specify the terms for disclosure. Fed. R. Civ. P. 26(c)(1)(B). While a protective order may be appropriate where a trade secret or other confidential information is at issue, the existence of a trade secret is not required. Instead, the good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise. *See Rohrbough*, 549 F.3d at 1321. There are at least three kinds of protective orders that courts have utilized to limit discovery or the dissemination of information: (1) particular protective orders; (2) blanket protective orders; or (3) umbrella protective orders. *See Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382, 385-86 (D. Colo. 2000). The *Gillard* court observed that:

> Blanket protective orders serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention. In view of increasingly complex cases and the existing workload of the trial courts, "[b]lanket protective orders are essential to the functioning of civil discovery. [A]bsent [such orders], discovery would come to a virtual standstill...."

*Id.* at 386 (citing *Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 465-66 (S.D.N.Y.1995) (quotation omitted).

The court finds that the "just, speedy, and less expensive determination of complex issues" will be furthered by the entrance of a protective order in this case. However, to ensure that the confidentiality interests of both Parties are protected, the Court has amended the stipulated protective order to provide bilateral protection from disclosure of confidential documents and information produced by both Parties in this litigation. *See, e.g.*, *Roberts v. State Farm Mutual Automobile Ins. Co.*, No. 1:19-cv-00319-NYW (D. Colo.), ECF No. 60 (protective

2

order modified by the court to provide protection to both parties). The court is not persuaded that it would be in the interests of justice to enter a one-sided protective order that protects only State Farm's confidentiality interests.

Accordingly, it is hereby **ORDERED** that the Parties' motion for entry of a protective order is **GRANTED**. The Protective Order is entered concurrently with this order.[2]

DATED: November 2, 2023

BY THE COURT:

Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se*" litigant has not been informed of the time period for objecting and the consequences of failing to object").